

FILED

2020 Jun-19  PM 03:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| SERENDIPITOUS, LLC/MELT; MELT FOOD TRUCK, LLC D/B/A MELT; and FANCY'S ON FIFTH, LLC D/B/A FANCY'S ON FIFTH,  )))))  PLAINTIFFS,  ))  V.  ))  THE CINCINNATI INSURANCE COMPANY,  ))  DEFENDANT.  )))) | CASE NO: _____  **JURY TRIAL DEMANDED** |

## COMPLAINT

COME NOW Plaintiffs, Serendipitous, LLC/Melt, Melt Food Truck, LLC d/b/a Melt, and Fancy's on Fifth, LLC d/b/a Fancy's on Fifth (hereinafter referred to collectively as "Plaintiffs" or "Melt") and bring the following Complaint against The Cincinnati Insurance Company ("Defendant" or "Cincinnati Insurance").

## INTRODUCTION

1.      Plaintiffs are a collection of restaurants operating in Jefferson County, Alabama.

2.      From mid-March 2020 through the present, Plaintiffs have been forced by orders issued from the City of Birmingham, Jefferson County and the State of Alabama governments to cease or substantially limit their business operations.  Such governmental orders were entered in an effort to slow the spread, or threatened spread, of the Novel Coronavirus, SARS-CoV-2, which causes the viral infection commonly known as COVID-19 (hereinafter "COVID-19").

3.     The restrictions mandated by said orders and the COVID-19 pandemic have caused Plaintiffs to significantly limit their operations, resulting in substantial lost revenues.

4.     To protect against threats such as this, which are wholly outside of Plaintiffs' control but substantially affect the revenue and survival of Plaintiffs' businesses, Plaintiffs obtained insurance coverage from Cincinnati Insurance.  This coverage is provided to Plaintiffs through an expansive policy that provides coverage for any direct loss "unless the 'loss' is excluded or limited" by the policy.   Specifically, the policy in question provides business interruption, extra expense, and civil authority coverages, among other coverages.

5.     In blatant breach of the insurance obligations it voluntarily undertook in exchange for the acceptance of Plaintiffs' premium payments, Cincinnati Insurance has denied Plaintiffs' claim for coverage arising from the losses they have incurred due to, among other things, the city, county and state restrictions related to COVID-19 and the health threat created by the COVID-19 pandemic.

6.     Consequently, Plaintiffs bring this action for a declaratory judgment establishing that they are entitled to receive the benefit of the insurance coverage they purchased, for breach of contract, and for bad faith.

## PARTIES, JURISDICTION, AND VENUE

7.     Plaintiffs are three related Alabama limited liability companies with their principal places of business in Jefferson County, Alabama. The members of all three LLCs are residents of the State of Alabama.

8.     Defendant Cincinnati Insurance is a foreign insurance corporation organized and existing under the law of the state of Ohio and has its principal place of business in Ohio.

9.      This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), which provides federal courts original jurisdiction over any civil action in which the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  There exists complete diversity of citizenship between Plaintiffs and Defendant because Plaintiffs are Alabama limited liability companies with their members and principal places of business located in Alabama, and Defendant is an Ohio corporation with its principal place of business in Ohio.

10.      This Court has personal jurisdiction over Defendant because Defendant has maintained systemic and continuous business contacts within the State of Alabama, including by transacting and conducting its insurance business in the State of Alabama.

11.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial portion of the wrongful acts upon which this lawsuit is based occurred in this District, including the sale and delivery of the insurance policy at issue.

**FACTUAL ALLEGATIONS**

12.      In exchange for substantial premiums, Defendant sold commercial property insurance Policy No. ECP0400693 (the "Policy") to Plaintiffs, agreeing to protect Plaintiffs against any losses not expressly excluded under the Policy.  The losses against which Plaintiffs are insured under the Policy include, among other things, the business income losses such as those recently experienced by Plaintiffs as a result of COVID-19.

13.      The Policy was in full force and effect at all times relevant hereto, including from March 11, 2020 through the date of the filing of this lawsuit.

14. The Policy does not have a "virus exclusion" and does not exclude losses due to pandemics or the threat of pandemics, or government shutdowns/restrictions. Thus, the Policy covers the losses claimed by Plaintiffs.

15. On March 11, 2020, the World Health Organization declared that the emerging threat from COVID-19 constituted a global pandemic.

16. Since on or before March 11, 2020, scientific and medical experts have been in continuous agreement that COVID-19 is highly contagious and can be deadly in some individuals. Additionally, the research emerging in March showed that COVID-19 could stay alive on surfaces for at least 17 days, a characteristic that rendered property exposed to the contagion potentially unsafe and dangerous.

17. In response to the spread of COVID-19 throughout the United States, the State of Alabama, Jefferson County, Alabama and the City of Birmingham began issuing orders in March 2020 (the "COVID-19 Orders") which required restaurants and other businesses to close to the public or operate under specific, significant restraints. Restraints on the operation of restaurants pursuant to the COVID-19 Orders are on-going as of the date of the filing of this lawsuit.

18. The COVID-19 Orders which were issued in direct response to the dangerous physical threat created by COVID-19 caused substantial business interruption and other losses to Plaintiffs, and triggered coverage under the Policy.

19. Plaintiffs' losses are ongoing and are expected to exceed one million dollars.

20. On or about May 12, 2020, Plaintiffs submitted a claim to Cincinnati Insurance requesting coverage for their losses as provided under the Policy.

21.     Plaintiffs' coverage was in full force and effect at the time of the claim, and Plaintiffs have promptly complied with all requests for additional information from Cincinnati Insurance.

22.     On May 13, 2020, **immediately** upon receiving Plaintiffs' claim, Cincinnati Insurance sent a reservation of rights letter clearly indicating an intent to deny the claim based on, among other things, Cincinnati Insurance's position that: "the fact of the pandemic, without more, is not direct physical loss to property at the premises."

23.     The May 13, 2020 reservation of rights letter from Cincinnati Insurance to Plaintiffs requested that Plaintiffs provide additional information related to the claim, and Plaintiffs provided the information requested.

24.     On or about May 27, 2020, a mere 15 days after Plaintiffs submitted their claim, and without any material investigation, Cincinnati Insurance denied Plaintiffs' claim.

25.     In both the reservation of rights letter and the denial letter, Cincinnati Insurance misquotes the Policy, references requirements not actually contained in the Policy, and relies on exclusions that are clearly inapplicable.

## <u>COUNT I – DECLARATORY JUDGMENT</u>

26.     Plaintiffs incorporate by reference, as if fully set forth herein, the facts set forth in in the preceding paragraphs.

27.     The Policy is an insurance contract under which Plaintiffs paid premiums to Cincinnati Insurance in exchange for its agreement to pay Plaintiffs' losses for claims covered by the Policy, such as direct business interruption losses incurred as a result of the COVID-19 pandemic.

28.     Plaintiffs have complied with all applicable provisions of the Policy, including payment of valuable premiums in exchange for coverage under the Policy.

29.     Defendant has arbitrarily and without justification refused to reimburse Plaintiffs for any losses incurred by Plaintiffs in connection with the COVID-19 Orders and the interruption of Plaintiffs' businesses stemming from the COVID-19 pandemic.

30.     An actual case or controversy exists regarding Plaintiffs' rights and Defendant's obligations under the Policy to reimburse Plaintiffs for the full amount of losses incurred by them in connection with the COVID-19 Orders and the interruption of business stemming from the COVID-19 pandemic.

31.     Plaintiffs seek a declaratory judgment from this Court declaring the following:

a.     The losses incurred by Plaintiffs in connection with the COVID-19 Orders and the interruption of Plaintiffs' business stemming from the COVID-19 pandemic are insured losses under the Policy; and

b.     Defendant is obligated to pay Plaintiffs for the full amount of the losses that have been incurred and that will be incurred in the future in connection with the COVID-19 Orders and the interruption of business stemming from the COVID-19 pandemic.

## COUNT II – BREACH OF CONTRACT

32.     Plaintiffs incorporate by reference, as if fully set forth herein, the facts set forth in in the preceding paragraphs.

33.     The Policy is an insurance contract under which Defendant was paid premiums in exchange for its agreement to pay Plaintiffs' losses for claims covered by the Policy, such as

business losses incurred as a result of the COVID-19 Orders forcing Plaintiffs to close or substantially restrict their business operations and the COVID-19 pandemic generally.

34.     Plaintiffs have complied with all applicable provisions of the Policy, including payment of the premiums to Defendant in exchange for coverage under the Policy, and timely submission of their claim.

35.     Defendant, however, has breached, and continues to breach, its obligations under the Policy by failing and refusing to pay benefits owed to Plaintiffs pursuant to the terms of the Policy.

36.     As a result of Defendant's breach of the insurance contract, Plaintiffs have sustained substantial damages for which Defendant is liable, in an amount to be established at trial.

WHEREFORE, Plaintiffs demand compensatory damages in an amount to be established at trial.

## COUNT III – BAD FAITH

37.     Plaintiffs incorporate by reference, as if fully set forth herein, the facts set forth in in the preceding paragraphs.

38.     After receiving notice of the claim made by Plaintiffs, Defendant summarily denied Plaintiffs' request for coverage, without conducting a reasonable and adequate investigation of the claim.

39.     The speed and manner of the denial indicates that Defendant's denial of Plaintiffs' claim was an automatic denial in a slew of blanket denials of COVID-19-related claims, without a reasonable and proper investigation of the merits of Plaintiffs' claim.

40.     At all times relevant hereto, Defendant was under a duty to use good faith in the handling of Plaintiffs' claim.

DOCSBHM\2320292\5

41.    Defendant failed and refused, however, to act in good faith and, without any legitimate or arguable reason for doing so, intentionally, willfully, and deliberately refused to pay benefits which Defendant knew were owed.  Likewise, Defendant failed to adequately investigate Plaintiffs' claim.

42.    As a direct and proximate result of Defendant's bad faith conduct, Plaintiffs have suffered financial damages.

WHEREFORE, Plaintiffs demand compensatory and punitive damages in an amount to be established at trial.


## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs seek the following relief:

A.    The Declaratory Relief described in Count I;

B.    Compensatory Damages in an amount sufficient to compensate Plaintiffs for the damages they have sustained;

C.    Punitive Damages;

D.    Interest; and

E.    Such other and further relief as the Court deems just and proper.


**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL ISSUES SO TRIABLE.**


*s/ James S. Williams*
James S. Williams (WIL187)
Alyse N. Windsor (GIL083)
Attorneys for Plaintiffs Serendipitous, LLC/Melt,
Melt Food Truck, LLC d/b/a Melt, and Fancy's on
Fifth, LLC d/b/a Fancy's on Fifth

**OF COUNSEL**:

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:   (205) 930-5100
Fax:   (205) 930-5101
jwilliams@sirote.com
awindsor@sirote.com

**Serve Defendant as follows:**

**Scott Tyra**
**2001 Park Place N Ste 200**
**Birmingham, AL 35203**